UNITED STATES, Appellee

v.

Ocean T. ROSE, Lance Corporal
U.S. Marine Corps, Appellant

No. 05-0521

Crim. App. No. 200101327

United States Court of Appeals for the Armed Forces

Argued December 8, 2005

Decided September 27, 2006

PER CURIAM.  CRAWFORD, J., filed a separate opinion concurring in the result.

Counsel

For Appellant:  Lieutenant Brian L. Mizer, JAGC, USNR (argued).

For Appellee:  Major Kevin C. Harris, USMC (argued); Commander Charles N. Purnell, JAGC, USN (on brief).

Military Judge:  Frank A. Delzompo

**This opinion is subject to revision before final publication.**

PER CURIAM:

The petition for grant of review of the decision of the United States Navy-Marine Corps Court of Criminal Appeals was granted on the following issues:

(1)  WHETHER THE ORDER DIRECTING APPELLANT TO RECEIVE ANTHRAX VACCINE ADSORBED ON MARCH 29, 2000, WAS UNLAWFUL.

(2)  WHETHER APPELLANT'S DUE PROCESS RIGHT TO TIMELY REVIEW HAS BEEN DENIED.[1]

In light of this Court's opinion in United States v. Kisala, __ M.J. __ (C.A.A.F. 2006), we hold that the order directing Appellant to receive the anthrax vaccine was a lawful order which he disobeyed in violation of Article 90, Uniform Code of Military Justice (UCMJ).[2]  Additionally, in light of our opinions in United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006), and United States v. Allison, 63 M.J. 365 (C.A.A.F. 2006), this Court holds that even if Appellant was denied his due process right to speedy review and appeal, that error is harmless beyond a reasonable doubt and no relief is warranted.

Accordingly, the decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

[1] United States v. Rose, 61 M.J. 480 (C.A.A.F. 2005).
[2] 10 U.S.C. § 890 (2000).

CRAWFORD, Judge (concurring in the result):

I agree with the affirmance of the findings and sentence. I dissociate myself, however, from this Court's analysis of appellate delay.  This Court's analysis and conclusion are based on a prospective rule set forth in United States v. Allison, 63 M.J. 365 (C.A.A.F. 2006) (citing United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006)), and its misapplication of the Barker v. Wingo, 407 U.S. 514 (1972), test.  See Moreno, 63 M.J. at 144 (Crawford, J., concurring in part and dissenting in part).